UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MYRA S. SMITH,

        Plaintiff,

  - against -                                              **MEMORANDUM AND ORDER**

CVS ALBANY, LLC,                                 17-CV-1768 (RRM) (RML)

        Defendant.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

        Plaintiff Myra Smith commenced this Age Discrimination in Employment Act action against her employer, defendant CVS Albany, LLC ("CVS"), seeking, among other things, an order directing CVS to transfer her to a different store. (Compl. (Doc. No. 1) at 6.)[1] On October 16, 2018, the parties executed a settlement agreement in which CVS agreed to transfer Smith in exchange for Smith dismissing her claims with prejudice. (Confidential Settlement Agreement and General Release (Doc. No. 46) at 1–7.) Smith subsequently filed a motion seeking, among other things, to set aside the settlement agreement. (Doc. No. 28.) In an order dated September 27, 2019, the Court denied Smith's motion and dismissed Smith's action pursuant to the parties' settlement agreement. (Order of 9/27/19 (Doc. No. 48).) Smith now moves for reconsideration of that order. (Motion for Reconsideration ("Mot.") (Doc. No. 57).) For the reasons below, Smith's motion is denied.

## DISCUSSION

        "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting

---

[1] Page numbers correspond to pagination assigned by the Court's Electronic Case Filing system.

*In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). In the Second Circuit, "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Smith has not satisfied this high standard. In the order dismissing this case, the Court explained that Smith failed to satisfy the "demanding standard" imposed on a motion to set aside a settlement agreement because she failed to point to "'clear and convincing evidence of material misrepresentations' made by CVS." (Order of 9/27/19 at 5 (quoting *Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir. 1989)).) The Court explained that Smith's only potentially valid basis to prevent enforcement of the settlement agreement was her claim that CVS knew or should have known Smith would not have accepted a transfer to a CVS pharmacy with reduced hours, but nonetheless transferred Smith to a pharmacy that either had reduced hours or was about to reduce its hours. (*Id.*) The Court explained that Smith's motion to set aside the settlement was denied because "Smith has failed to present evidence showing that CVS was aware of her specific concern about being transferred to a pharmacy undergoing an hours reduction – let alone clear and convincing evidence that CVS materially misrepresented this issue during settlement discussions." (*Id.* at 6.)

In support of her motion for reconsideration, Smith notes that the CVS store to which she was assigned was not a 24-hour pharmacy "[a]s of the moment Plaintiff began work." (Mot. at 4.) However, Smith presents no new evidence with respect to the decisive issue in the Court's order of dismissal: Smith's inability to show that she made CVS aware of her concern regarding

2

pharmacy hours during settlement negotiations, or that CVS materially misrepresented any facts during those negotiations. (Order of 9/27/20 at 5–6.)

In her remaining arguments, Smith quibbles with the Court's characterization of her arguments in her motion to set aside the settlement, but presents no basis for upsetting the order of the Court. In fact, Smith acknowledges in her reply brief that she has "no new facts" to present to the Court. (Reply Memorandum (Doc. No. 59) at 2.) Because Smith fails to point to "controlling decisions or data" overlooked by the Court in dismissing her action, her motion for reconsideration is denied. *Shrader*, 70 F.3d at 257.

## CONCLUSION

For the reasons set forth above, Smith's motion for reconsideration is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
September 28, 2020

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
Chief United States District Judge

3